# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MILLICENT WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:20-cv-00092-MTS |
| v. | ) | |
| | ) | |
| NICHOLAS NEWBERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT ST. LOUIS COUNTY'S MOTION FOR PROTECTIVE ORDER

COMES NOW, Defendant St. Louis County (hereinafter, "County"), by and through undersigned counsel, and for its Motion for Protective Order, states as follows:

1. This lawsuit centers around a traffic stop on April 2, 2019. Plaintiff has named the County and two St. Louis County police officers as Defendants. Against the County, Plaintiff has alleged a single count under *Monell v. Dept. of Soc. Servs.*, 435 U.S. 658 (1978), wherein she alleges that her rights were violated because of a pattern and practice of "disproportionately subject[ing] African-American drivers, such as Ms. Williams, to unlawful traffic stops, detentions during traffic stops, and searches during traffic stops." (Doc. 24, ¶ 140.)

2. Undersigned counsel have entered their appearance for the County, and in the course of discovery and discussions with opposing counsel, it is apparent that there exists an insurmountable divide over the extent of allowable discovery in this case.

3. It is well-established that Fed. R. Civ. P. (hereinafter, "Rule") 26(b)(1) delineates the scope of permissible discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In light of these parameters, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors

of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks. Inc.*, 981 F.3d 377, 380 (8th Cir. 1992). A federal court may also issue a protective order for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense." Rule 26(c).

4. Here, Plaintiff has served voluminous discovery requests on the County, many of which request information that does not relate at all to the allegations in the Complaint or the April 2, 2019 incident. For example, Plaintiff demands information on **all** documents regarding **all** internal investigations of **all** St. Louis County employees in the past seven years (Req. No. 26); **all** information regarding **all** St. Louis County police officers who have been the subject of **any** complaint in the past seven years (Req. No. 31); and **any** inquiry, formal or informal, regarding **any** St. Louis County police officer, with no time limitations (Interrog. No. 9).

5. Such requests are well beyond the scope of permissible discovery, are overly broad in that they incorporate information that is not relevant to any party's claim or defense, and would result in unduly burdensome and disproportionate expenditure of time and resources. *See Whitley v. McClain*, 2014 WL 1400178, at *2 (E.D. Mo. Apr. 10, 2014); *see also Brooks on Behalf of All Beneficiaries v. City of St. Louis*, Case No. 4:17-CV-981 RLW, 2018 WL 2272783, at *2-3 (E.D. Mo. May 17, 2018). The County believes that the scope of discovery should be limited to the April 2, 2019 incident alleged in the Complaint and, where appropriate, similar allegations. The County also believes that the time period of discovery should be limited to the time the Defendant officers were employed by the St. Louis County Police Department until the date of the incident, *i.e.*, January 2017 – April 2, 2019.

6. In a good faith attempt to resolve this issue, the County has produced nearly 3600 pages of documents. However, a dispute still remains.

7. As such, the County seeks a ruling from the Court now to narrow the issues before having to unnecessarily expend time and resources examining thousands of likely irrelevant documents and producing a log of same.

8. In accordance with Local Rule 3.04, the undersigned state that they have conferred in good faith with opposing counsel, namely, Mark Pedroli and Daniel Kolde, including via telephone on February 24, 2021, but after sincere efforts to resolve this dispute, counsel are unable to reach an accord.

9. The County hereby incorporates the corresponding Memorandum in Support of this Motion as if fully set out herein.

WHEREFORE, Defendant St. Louis County, by and through undersigned counsel, respectfully requests a ruling from this Court determining the scope of discovery in this case, and for any such other relief this Court deems just and proper under the circumstances.

HEPLERBROOM LLC

By: */s/ Thomas J. Magee*
Thomas J. Magee, No. 32871MO
Alexandra S. Haar, No. 63846MO
211 N. Broadway, Suite 2700
St. Louis, MO 63102
314-241-6160
314-241-6116 Fax
tm1@heplerbroom.com
ash@heplerbroom.com
*Attorneys for Defendants Nicholas Newberry, Stephen Pearson, and St. Louis County*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 18, 2021, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Thomas J. Magee*